IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EARLENE DOWLER, <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Earlene Dowler (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, and by way of Complaint against Defendants, Synchrony Bank ("Synchrony") and Equifax Information Services, LLC ("Equifax") alleges as follows:

**INTRODUCTION**

1.

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

1

(the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2.

Plaintiff, Earlene Dowler, is an adult citizen of North Dakota.

3.

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.

Defendant Synchrony is a corporation organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies.

5.

Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provide that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Georgia and because defendant Equifax holds a principal office in this district.

## FACTUAL ALLEGATIONS

8.

Defendant Synchrony issued an account card ending in 2561 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9.

The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which serves as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10.

On or about January 10, 2019, Plaintiff and Synchrony entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11.

Pursuant to the terms of the settlement, Plaintiff was required to make three payments totaling $2,086.95 to settle and close her Synchrony credit account.

12.

Plaintiff, via her debt settlement representative, timely made the requisite settlement payments.

13.

However, over a year later, Plaintiff's Synchrony account continued to be negatively reported.

14.

In particular, on a requested credit report dated July 10, 2020, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF", and a balance of $108.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit B.

15.

This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16.

On or about October 19, 2020, Plaintiff, via her attorney, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Synchrony account. A redacted copy of this letter is attached hereto as Exhibit C.

17.

Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18.

In December 2020, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Synchrony account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the December 2020 credit report is attached hereto as Exhibit D.

19.

Equifax did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA; or alternatively Equifax did notify Synchrony, who then failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

20.

If Synchrony had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would have been updated to reflect a "settled" status with a balance of $0.00.

21.

Despite the fact that Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has nonetheless willfully, maliciously, recklessly, or negligently failed to follow this requirement as well as the requirements set forth under the FCRA. This has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22.

Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thereby violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

23.

At all times pertinent hereto, Defendants were acting by and through their agents, servants or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24.

At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants or employees, was malicious, intentional, willful, reckless, or negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

25.

Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26.

Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27.

Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28.

Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29.

Plaintiff notified Defendants directly of a dispute on the account's completeness and accuracy as reported.

30.

Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31.

Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32.

Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33.

Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34.

As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

35.

As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

(a)   That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

(b)   That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

(c)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

(d)   That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

*/s/ William Thomas Hoover*
William Thomas Hoover
GA Bar No. 819305
william.h@gitmeidlaw.com
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (877) 366-4747
Counsel for Plaintiff